IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **SHERI MOSLEY** individually and on behalf all others similarly situated, | Case No: 3:19-cv-00379 |
| **Plaintiff,** | |
| v. | **CLASS ACTION COMPLAINT** |
| **LOZANO INSURANCE ADJUSTERS, INC., FRANK LOZANO, LISETTE LOZANO, ANCHOR INSURANCE HOLDINGS, INC., and CITIZENS PROPERTY INSURANCE CORP.** | **and Demand for Jury Trial** |
| **Defendants.** / | |

# COMPLAINT

Plaintiff Sheri Mosley, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. Sheri Mosley was employed by Defendants Lozano Insurance Adjusters, Inc., Frank Lozano, Lisette Lozano, Anchor Insurance Holdings, Inc., and Citizens Property Insurance Corp. (collectively, "Defendants") as an insurance claims handler in their Jacksonville, FL offices along with more than 60 other insurance claims handlers. She and the other insurance claims handlers regularly worked far in excess of 40 hours in a week, including working 12 hours a day seven days a week from September to November 2017. Despite the long hours, Defendants did not pay Mosley or the other insurance claims handlers overtime wages. Instead, Defendants told Mosley and the other insurance claims handlers that they were independent contractors. Based on

that misrepresentation, Defendants paid Mosley and the other insurance claims handlers a set rate for each day they worked without regard to overtime hours and required them to shoulder Defendants' business expenses, including their tax responsibilities.

2.  This case seeks to compel Defendants to pay Mosely and a class of similarly situated employees all of the wages they earned and to return the monies they paid for business expenses that the Defendants were obligated to pay.

3.  By the conduct described in this Class Action Complaint, Defendants have violated the Fair Labor Standards Act ("FLSA") by failing to pay their employees proper overtime compensation and have unjustly enriched themselves at the Plaintiffs' expense by misrepresenting the Plaintiffs' employment status and requiring them to pay Defendants' business costs. These violations arose out of Defendants' company-wide policies and pattern or practices.

4.  Mosley brings individual and representative claims to remedy these violations. She brings FLSA claims as a collective action, on her own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision, 29 U.S.C. § 216(b) ("FLSA Collective").

5.  Mosley also brings individual and representative wage claims under Florida common law for negligent misrepresentation as a class action pursuant to Fed. R. Civ. P. 23 ("Florida Class"). Mosley and the Florida Class acted as employees based on Defendants' misrepresentation that they were independent contractors even though they were employees. They relied on that misrepresentation, as Defendants intended them to, and as a result lost wages and improperly shouldered Defendants' expenses.

## THE PARTIES

*Plaintiffs*

6. Plaintiff Sheri Mosley's written consent to be a party to this action is attached as Exhibit A.

7. Mosley currently resides in Davie County, North Carolina.

8. Mosley was employed by Defendants as an insurance claims handler at Defendants' offices in Jacksonville, Florida from approximately March 2017 to November 2018.

9. Pursuant to Defendants' policy and pattern or practice, Mosley was scheduled to work more than 40 hours each week and she regularly worked more than 40 hours per week for Defendants' benefit without overtime compensation.

*The Defendants*

10. Defendant Lozano Insurance Adjusters ("LIA") is a for-profit Florida corporation that provides insurance adjustment services to insurers such as Citizens Property Insurance Corporation and Anchor Insurance.

11. LIA has offices located at 9550 Regency Square Blvd, Jacksonville, FL 32225.

12. LIA maintains control, oversight, and direction over the operation of the facilities and offices in which Mosley, the FLSA Collective, and the Florida Class worked and of the worked that they performed.

13. Defendant Frank Lozano is an owner, President, and CEO of LIA.

14. Mr. Lozano's business address is 12550 Biscayne Boulevard, Miami, FL 33181.

15. Upon information and belief, as President and CEO, Mr. Lozano acted and continues to act directly and indirectly in LIA's interest in relation to its employees, including Mosley, the FLSA Collective, and the Florida Class, and is thus an employer of the employees

within the meaning of 29 U.S.C. § 203(d).

16. Defendant Lisette Lozano is an owner, Treasurer, and CFO of LIA.

17. Ms. Lozano's business address is 12550 Biscayne Boulevard, Miami, FL 33181.

18. Upon information and belief, as Treasurer and CFO, Ms. Lozano acted and continues to act directly and indirectly in LIA's interest in relation to its employees, including Mosley, the FLSA Collective, and the Florida Class, and is thus an employer of the employees within the meaning of 29 U.S.C. § 203(d).

19. Defendant Anchor Insurance Holdings ("Anchor") is an owner of LIA.

20. Anchor's headquarters are located at 5959 Central Avenue, St. Petersburg, FL 33710.

21. Upon information and belief, Anchor controls the payroll and human resources functions for LIA and acted and continues to act directly and indirectly in LIA's interest in relation to its employees, including Mosley, the FLSA Collective, and the Florida Class, and is thus an employer of the employees within the meaning of 29 U.S.C. § 203(d).

22. Defendant Citizens Property Insurance Corporation ("Citizens") is an insurance provider in the state of Florida.

23. Citizens' headquarters are located at 2101 Maryland Circle, Tallahassee, FL 32303.

24. Citizens controlled the pay Mosley, the FLSA Collective, and the Florida Class received; assigned, scheduled, and supervised their work; and had the authority to hire and fire them and is thus an employer of Mosley, the FLSA Collective, and the Florida Class within the meaning of 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337

and jurisdiction over these state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

26. In addition, the Court has jurisdiction over these claims under the FLSA pursuant to 29 U.S.C. § 216(b).

27. Defendants are subject to personal jurisdiction in Florida.

28. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

29. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Defendants are subject to personal jurisdiction here.

## COLLECTIVE ACTION ALLEGATIONS

30. Mosley brings FLSA claims, the First Cause of Action, on behalf of herself and all similarly situated persons:

> who worked for Lozano Insurance Adjusters in Florida as insurance claims handlers and who were classified as independent contractors, paid a day rate for their work, and not paid overtime wages for hours worked more than 40 in a week between three years prior to the filing of this complaint and the date of final judgment in this matter (the "FLSA Collective").

31. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Mosley and the FLSA Collective. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## **CLASS ACTION ALLEGATIONS**

32. Mosley brings the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who worked for Lozano Insurance Adjusters in Florida as insurance claims handlers and who were classified as independent contractors and paid a day rate for their work between the date four years preceding the filing of this complaint and the date of final judgment in this matter (the "Florida Class").

33. Excluded from the Florida Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Florida Class.

34. The persons in the Florida Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Mosley, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

35. Upon information and belief, the size of the Florida Class is at least 60 workers.

36. Defendants acted or refused to act on grounds generally applicable to the Florida Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Florida Class as a whole.

37. The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Florida Class that predominate over any questions solely affecting individual members of the Florida Class, including but not limited to:

    a. whether Defendants misclassified Mosley and the Florida Class as

6

independent contractors;

        b.     whether Defendants made a misrepresentation of a material fact to Mosley and the Florida Class by representing that they were independent contractors;

        c.     whether Defendants made the misrepresentation without knowledge as to its truth or falsity, or under circumstances in which they ought to have known of its falsity;

        d.     whether Defendants intended that the misrepresentation induce Mosley and the Florida Class to act on it; and

        e.     whether Mosley and the Florida Class were injured as a result of justifiably relying on Defendants' misrepresentation.

38.    Mosley's claims are typical of the claims of the Florida Class that she seeks to represent. Defendants represented to Mosley and the Florida Class that they were independent contractors. Mosley and the Florida Class relied on that representation and suffered damages as a result. Defendants acted and refused to act on grounds generally applicable to the Florida Class, thereby making declaratory relief with respect to the Florida Class appropriate.

39.    Mosley will fairly and adequately represent and protect the interests of the Florida Class. She understands that, as a class representative, she assumes a fiduciary responsibility to the Florida Class to represent its interests fairly and adequately. Mosley recognizes that as class representative, she must represent and consider the interests of the Florida Class just as she would represent and consider her own interests. She understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Florida Class. She recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Florida Class. Mosley understands that in order to provide adequate representation, she must remain informed of developments in the

litigation, cooperate with class counsel by providing information and any relevant documentary material in her possession, and testify, if required, in a deposition and in trial.

40. Mosley has retained counsel competent and experienced in complex class action employment litigation.

41. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant and where class members may fear retaliation by their employers. The members of the Florida Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Florida Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## FACTUAL ALLEGATIONS

42. Defendants hire insurance claims handlers to handle insurance claims brought by their clients. The need for insurance adjustment services can vary greatly depending on circumstances. For example, insurance claims can increase exponentially when a catastrophe such as a hurricane strikes and insurance adjustment work increases as a result. After the effects of a catastrophe subside, the adjustment work can greatly diminish, and insurance claims handler hours and pay are often reduced. In some cases, insurance claims handlers are laid off.

43. Defendants employed Mosley, the Florida Class, and the FLSA Collective as insurance claims handlers.

44. The work that Mosley, the Florida Class, and the FLSA Collective performed, insurance adjustment, is an integral part of Defendants' business.

45. Defendants trained Mosley, the Florida Class, and the FLSA Collective in how to perform their work.

46. Defendants provided Mosley, the Florida Class, and the FLSA Collective with the work space and work tools, including computers, software, phones, e-mail accounts, and desks, necessary to perform their work.

47. Defendants provided Mosley, the Florida Class, and the FLSA Collective with company business cards, phone lines, and email accounts

48. Defendants directed the work of Mosley, the Florida Class, and the FLSA Collective.

49. Defendants supervised the work of Mosley, the Florida Class, and the FLSA Collective.

50. Defendants closely monitored the work of Mosley, the Florida Class, and the FLSA Collective.

51. Defendants required Mosley, the Florida Class, and the FLSA Collective to work scheduled hours on scheduled days at their Jacksonville, FL offices.

52. Defendants paid Mosley, the Florida Class, and the FLSA Collective a day rate for each day that they worked scheduled hours.

53. If Mosley, the Florida Class, and the FLSA Collective did not work for a day, Defendants did not pay them for that day.

54. If Mosley, the Florida Class, and the FLSA Collective worked for only part of a day, Defendants reduced the sum they paid for that day.

55. Defendants did not pay Mosley, the Florida Class, and the FLSA Collective additional pay when they worked beyond their scheduled hours.

56. Mosley, the Florida Class, and the FLSA Collective were paid at the day rate each day regardless of the quantity or quality of their work.

57. Mosley, the Florida Class, and the FLSA Collective regularly worked more than 40 hours in a week.

58. Defendants did not pay Mosley, the Florida Class, and the FLSA Collective an overtime premium for the hours they worked over 40 in a week.

59. Upon information and belief, it was Defendants' willful policy and pattern or practice not to pay its employees, including Mosley, the Florida Class, and the FLSA Collective an overtime premium for work that exceeded 40 hours in a week.

60. Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Mosley, the Florida Class, and the FLSA Collective.

61. Defendants were aware or should have been aware that the law required it to pay non-exempt employees, including Mosley, the Florida Class, and the FLSA Collective, an overtime premium of time and one-half for all work-hours it suffered or permitted in excess of 40 per work week. Upon information and belief, Defendants applied the same unlawful policies and practices to Mosley, the Florida Class, and the FLSA Collective.

62. Defendants misrepresented to Mosley, the Florida Class, and the FLSA Collective that they were independent contractors. Defendants represented to Mosley, the Florida Class, and the FLSA Collective upon hiring that they would be working as independent contractors, paid them as independent contractors, and reported their wages to the IRS on Form 1099.

63. Defendants were aware or should have been aware that Mosley, the Florida Class, and the FLSA Collective were employees under federal and state law.

64. The misrepresentation was a material fact because Defendants relied on it to shift their business expenses onto Mosley and the Florida Class and to avoid paying overtime wages.

65. Defendants made the misrepresentation to shift business expenses onto Mosley and the Florida Class, and to avoid paying overtime wages.

66. Mosley and the Florida Class justifiably relied on Defendants' misrepresentation and absorbed expenses that Defendants should have paid and worked without overtime pay.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Overtime Wages
### On behalf of Mosley and the FLSA Collective

67. Mosley re-alleges and incorporates by reference the allegations in paragraphs 30-31 and 42-66.

68. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

69. At all times relevant, Mosley and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Mosley and the FLSA Collective.

71. Defendants were employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

72. At all times relevant, Mosley and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

73. Defendants employed Mosley and the FLSA Collective as employers.

74. Defendants failed to pay Mosley and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

75. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

76. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Mosley and the FLSA Collective.

77. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

78. As a result of Defendants' violations of the FLSA, Mosley and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**Florida Common Law Negligent Misrepresentative**
**on behalf of Mosley and the Florida Class**

79. Mosley re-alleges and incorporates by reference the allegations in paragraphs 32-66.

80. Defendants have engaged in a widespread pattern, policy, and practice of negligent misrepresentation as detailed in this Class Action Complaint.

81. Defendants misrepresented to Mosley and the Florida Class that they were independent contractors when they were actually employees.

82. Defendants knew or should have known that its representation was false.

83. Defendants intended Mosley and the Florida Class to work without overtime wages and to pay the Defendants business expenses as a result of classifying them as independent contractors.

84. Mosley and the Florida Class justifiably relied on Defendants' misrepresentation and sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants and the cost of shouldering Defendants' business expenses.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Mosley, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, Mosley be allowed to give notice of this collective action and that Defendants provide Mosley with names, addresses, telephone numbers, and other contact information for purposes of issuing notice to the FLSA Collective described in this Complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages; and

B. Unpaid wages, an additional and equal amount as liquidated damages, interest, attorneys' fees, costs (including expert fees), and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**WHEREFORE**, Mosley, on behalf of herself and all members of the Florida Class she seeks to represent, prays for the following relief:

A. Certification of this action as a class action pursuant to FRCP 23;

B. Designation of Mosley as Class Representative;

C. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

D. Appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

E. An award of damages and restitution to be paid by Defendants according to proof;

F. Pre-Judgment and Post-Judgment interest, as provided by law; and

G. Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: April 3, 2019.   Respectfully submitted,

**POLLAN LEGAL**

*/s/ Adina L. Pollan*
Adina L. Pollan, Esq.
Florida Bar No. 15639
apollan@pollanlegal.com
301 W. Bay Street, Suite 1454
Jacksonville, Florida 32202
Telephone (904) 475-2187
Facsimile (904) 903-5123

**Local Counsel for Plaintiffs and Putative Class**

—and —

*/s/ Michael J.D. Sweeney*
Michael J.D. Sweeney
**GETMAN, SWEENEY& DUNN, PLLC**
260 Fair Street
Kingston, New York 12401
Telephone: (845) 255-9370
Fax (845) 255-8649
msweeney@getmansweeney.com

**Attorneys for Plaintiffs and the Putative Class**
*Pro Hac Vice to be filed*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mosley demands a trial by jury on all questions of fact raised by the Complaint.

Dated:      April 3, 2019.               Respectfully submitted,

**POLLAN LEGAL**

*/s/ Adina L. Pollan*
Adina L. Pollan, Esq.
Florida Bar No. 15639
apollan@pollanlegal.com
301 W. Bay Street, Suite 1454
Jacksonville, Florida 32202
Telephone (904) 475-2187
Facsimile (904) 903-5123

**Local Counsel for Plaintiffs and Putative Class**

—and —

*/s/ Michael J.D. Sweeney*
Michael J.D. Sweeney
**GETMAN, SWEENEY& DUNN, PLLC**
260 Fair Street
Kingston, New York 12401
Telephone: (845) 255-9370
Fax (845) 255-8649
msweeney@getmansweeney.com

**Attorneys for Plaintiffs and the Putative Class**
*Pro Hac Vice to be filed*