**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHERI MOSLEY, individually and
on behalf of all others similarly
situated,

    Plaintiff,

v.                                                        Case No. 3:19-cv-379-TJC-JK

LOZANO INSURANCE
ADJUSTERS, INC., FRANK
LOZANO, LISETTE LOZANO,
ANCHOR INSURANCE
HOLDINGS, INC., and KEVIN
PAWLOWSKI,

    Defendants.

## O R D E R

This case is before the Court upon the Parties' Notification of a Final Circuit Court Decision in Johnson v. NPAS Sols., LLC. (Doc. 134). In the Court's previous Order entered on January 28, 2021 (Doc. 131), the Court approved the parties' Settlement Agreement (Doc. 123-1), but deferred ruling on the issue of whether $5,000.00 should be distributed to the Named Class Plaintiff Sheri Mosley as a service award due to a pending final decision in Johnson v. NPAS Solutions, LLC, 975 F.3d 1244 (11th Cir. 2020). The Court ordered the parties to deposit $5,000.00 into the Court's registry and to notify the Court when a

final decision was issued in Johnson. (Doc. 131). Defendant Lozano Insurance Adjusters, Inc. deposited the money. (Doc. 132).

On August 3, 2022, the Eleventh Circuit ordered that Johnson would not be reheard en banc, Johnson v. NPAS Sols., LLC, 43 F.4th 1138 (11th Cir. 2022), and the parties filed their joint notice (Doc. 134). In their notice, the parties argue that the Court should still distribute the $5,000.00 award to Named Plaintiff Sheri Mosley because it is "not a salary or bounty" prohibited by Johnson; rather, the money is compensation for the risk she has incurred for serving as the Named Plaintiff in the suit. (Doc. 134). Alternatively, the parties argue the Court should treat the $5,000.00 award as uncashed funds pursuant to section III.F of the Settlement Agreement (Doc. 123-1) and distribute the money to their mutually agreed upon cy pres recipient, the National Institute for Workers' Rights (Doc. 134).

Although the parties argue that Johnson does not cover the $5,000.00 service award because it compensates Named Plaintiff for her risks in serving in the role rather than compensation for her bringing the suit, the distinction is without a difference. By the parties' characterization, the service award still functions as compensation to Ms. Mosley for her role as the Named Plaintiff in the lawsuit. The law in this Circuit is clear that awards "that compensate[] a class representative for [her] time and rewards [her] for bringing a lawsuit" are prohibited. See Johnson, 975 F.3d at 1260; see also Jairam v. Colour Pop

2

Cosmetics, LLC, No. 19-CV-62438-RAR, 2020 WL 5848620, at *3 (S.D. Fla. Oct. 1, 2020) (relying on Johnson in disapproving service awards in a TCPA class action settlement); Kuhr v. Mayo Clinic Jacksonville, No. 3:19-cv-453-J-34MCR, 2020 WL 5912350, at *8 (M.D. Fla. Oct. 6, 2020) (disallowing service awards in an FCCPA class action).

Based on the parties' recommendation, however, a cy pres award is appropriate. "Cy pres distribution is a common and proper method of distributing unclaimed settlement funds, subject to court approval of the particular application of the funds." Esposito v. I.Q Data Int'l, Inc., No: 2:18-cv-437-JES-NPM, 2021 WL 1561479, at *1 (M.D. Fla. April 21, 2021) (citing Nelson v. Mead Johnson & Johnson Co., 484 F. App'x 429, 435 (11th Cir. 2012) and Poertner v. Gillette Co., 618 F. App'x 624, 629 (11th Cir. 2015)) (citation omitted). Courts employing cy pres distribution have been inclined to distribute such unclaimed settlement funds to "worthy charities, especially to charities whose purposes harmonize with the underlying lawsuit." In re Checking Account Overdraft Litig., 830 F. Supp. 2d 1330, 1354 (S.D. Fla. 2011).

The parties have selected the National Institute for Workers' Rights as the recipient. The institute's mission is "to advance workers' rights through research, thought leadership, and education for policymakers, advocates, and the public." About, National Institute for Workers' Rights, https://niwr.org/about/ (last visited June 1, 2023). It is "the related charitable

3

public interest organization of the National Employment Lawyers Association (NELA)." Id. As the underlying claims in this case concerned alleged violations of the Fair Labor Standards Act for owed wages (Doc. 104), this charitable organization's purpose is aligned with the nature of the suit. See In re Checking Account Overdraft Litig., 830 F. Supp. 2d at 1355–56. Therefore, the National Institute for Workers' Rights is an appropriate cy pres recipient.

Accordingly, it is hereby

**ORDERED:**

1. Counsel previously deposited $5,000.00 into the Court's Registry pending the Court's determination of the service award issue. (See Docs. 131; 132). The Clerk shall return to class counsel the sum of $5,000.00, plus any accrued interest, subject to the administrative handling fee authorized by the Judicial Conference of the United States.

2. Class Counsel is authorized to distribute $5,000.00 and any remaining interest to the National Institute for Workers' Rights.

3. Because this should conclude the distribution of the Settlement Amount, the Clerk is directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 6th day of June, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Counsel of record
Finance Department